IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH M. HARDY, JR., : | |
| Petitioner : | |
| : | No. 1:13-cv-2539 |
| v. : | |
| : | (Judge Kane) |
| MARIROSA LAMAS, et al., : | (Magistrate Judge Mehalchick) |
| Respondents : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the November 7, 2016 Report and Recommendation of Magistrate Judge Mehalchick, in which she recommends denying Petitioner's counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 65.) Magistrate Judge Mehalchick finds that Petitioner has not shown that his trial counsel was ineffective for failing to conduct a proper investigation and to locate and present expert medical testimony to challenge the prosecution's expert witnesses. (Id. at 12-16.) Petitioner's only claim in his habeas petition is for ineffective assistance of counsel.[1] (See Doc. No. 49 at 9-13.)

In the Report and Recommendation, Magistrate Judge Mehalchick undertakes a thorough review of Petitioner's trial and post-trial proceedings, and considers the PCRA court's application of the standard established in Strickland v. Washington, 466 U.S. 668 (1984) in evaluating Petitioner's claim for relief. (Doc. No. 65 at 1-17.) Ultimately, Magistrate Judge

---

[1] Petitioner challenges his March 2005 conviction in the Court of Common Pleas of Mifflin County for criminal homicide and endangering the welfare of a child. (Doc. No. 65 at 1.) Petitioner's sole ground for relief in his petition is that his trial counsel was ineffective for failing to properly investigate his case, locate an expert, and present expert testimony to challenge the prosecution's expert witnesses. (Id. at 5.) Specifically, Petitioner argues that trial counsel should have sought and retained an expert in forensic pathology or shaken baby syndrome that would have contradicted the testimony of the prosecution's expert witnesses. (Id. at 10.)

Mehalchick finds – as did the courts of the Commonwealth that considered the claim – that Petitioner's trial counsel's investigation and failure to locate and present expert medical testimony did not constitute ineffective assistance of counsel given the strategy at trial and the weight and nature of the other evidence against Petitioner.  (See id. at 12-16.)  Magistrate Judge Mehalchick makes her recommendation in light of the particularly deferential review afforded state court dispositions of claims raised in Section 2254 petitions.  (Id. at 10.)

Petitioner's appointed counsel filed objections to the Report and Recommendation on November 21, 2016.  (Doc. Nos. 66, 67.)  In the objections, counsel challenges Magistrate Judge Mehalchick's conclusion that the PCRA court and the Superior Court reasonably applied the Strickland standard in finding that trial counsel's alleged failure with respect to investigating the case and presenting an expert witness did not amount to ineffective assistance of counsel.  (Doc. No. 67 at 7-14.)  The Court observes that the brief filed by counsel in support of the objections merely restates arguments previously presented in his amended petition (Doc. No. 49), which were considered by Magistrate Judge Mehalchick as reflected in the Report and Recommendation, and expresses general disagreement with Magistrate Judge Mehalchick's conclusion.  (See Doc. No. 67.)  The Court finds that Magistrate Judge Mehalchick correctly and comprehensively addressed the substance of the counseled objections in the Report and Recommendation itself and will not write separately to address them.[2]

---

[2] See Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) (instructing that "providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

**AND SO**, on this 27th day of March 2017, upon review of the record and the applicable law, **IT IS ORDERED THAT**:

1. Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 65), is **ADOPTED**;

2. The amended petition for a writ of habeas corpus (Doc. No. 49), is **DENIED AND DISMISSED WITH PREJUDICE**;

3. A certificate of appealability **SHALL NOT ISSUE**; and

4. The Clerk of Court is directed to close the case.

                                                    s/ Yvette Kane
                                                    Yvette Kane, District Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania